IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOBBY D. EDWARDS,

        Petitioner,

   v.

CHARLES A. DANIELS,

        Respondent.

Civil No. 05-795-ST

FINDINGS AND RECOMMENDATIONS

Ruben L. Iniguez
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Karin J. Immergut
United States Attorney
Britannia I. Hobbs
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATIONS

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 in an attempt to challenge the legality of his federal sentence stemming from a guilty plea. For the reasons which follow, respondent's Motion to Dismiss (docket #7) should be granted because the court lacks subject-matter jurisdiction in this matter.

## BACKGROUND

On January 25, 1994, petitioner and three co-defendants were indicted on five controlled substances offenses in the U.S. District Court for the Northern District of Texas. Petitioner's Exhibit A. Petitioner was charged with three of the five counts and, pursuant to the terms of a written plea agreement, pled guilty to one count of distributing 32 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. Petitioner's Exhibit B.

On May 19, 1994, the draft Presentence Report ("PSR") was prepared and included a recommendation pursuant to U.S.S.G. § 3B1.1(a) that a four-level aggravating enhancement be applied to petitioner's sentence based on his role as a leader/organizer of a drug distribution organization involving five or more participants. Petitioner's Exhibit F, p. 6. Petitioner objected to this recommendation, and on July 27, 1994, submitted affidavits from his

co-defendants to support his position that he was not a leader/organizer and, therefore, did not deserve an enhanced sentence. Petitioner's Exhibits G, H, K & L.

Two days later, the court overruled petitioner's objection and enhanced his sentence by four levels, resulting in a sentence of 280 months imprisonment. Petitioner's Exhibit N, pp. 9, 15.

Petitioner appealed his sentence to the Fifth Circuit Court of Appeals. The sole issue he presented for consideration consisted of whether the District Court erred in applying the four-level enhancement when the evidence was legally insufficient to show he was a leader/organizer of a criminal activity under to U.S.S.G. § 3B1.1(a). The Fifth Circuit affirmed the sentence on October 18, 1995.[1] Petitioner's Exhibit V.

On September 12, 2000, petitioner filed a 28 U.S.C. § 2255 motion in which he argued that he was incorrectly found to be a leader/organizer for purposes of sentencing. Petitioner's Exhibit Z, pp. 2-5. On September 20, 2000, the District Court denied relief on the Motion. Petitioner's Exhibit AA.

On February 19, 2002, petitioner moved the Fifth Circuit Court of Appeals for permission to file a second § 2255 motion, but the Fifth Circuit denied permission on March 6, 2002. Petitioner's Exhibits BB & CC.

---

[1] Petitioner's sentence was ultimately reduced by 34 months pursuant to a Government motion. Petitioner's Exhibit U.

3 - FINDINGS AND RECOMMENDATIONS

On August 1, 2002, petitioner moved the District Court to dismiss the original indictment as legally insufficient. The District Court denied the motion, and the Fifth Circuit denied petitioner's request for a certificate of appealability. Petitioner's Exhibits EE and FF.

On February 22, 2005, petitioner again moved the District Court in the Northern District of Texas to correct his sentence pursuant to § 2255. Petitioner's Exhibit GG. The court dismissed the action because it was successive without permission from the Fifth Circuit as required by 28 U.S.C. § 2255(4). Petitioner's Exhibit HH.

On May 30, 2005, petitioner filed this habeas corpus action, raising two claims: (1) he is actually innocent of the leader/organizer sentencing enhancement; and (2) his Fifth and Sixth Amendment rights to due process and confrontation were violated when the sentencing judge considered hearsay evidence. Respondent moves to dismiss this case for lack of subject-matter jurisdiction, and asks the court to award its "costs and such other relief to which it is justly entitled."

## FINDINGS

### I. Motion to Dismiss

#### A. Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) tests the subject matter jurisdiction of the court. Petitioner bears the

4 - FINDINGS AND RECOMMENDATIONS

burden of establishing the propriety of the court's jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Consequently, a Rule 12(b)(1) motion will be granted if the petition fails to allege facts sufficient to establish subject matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), cert. denied, 541 U.S. 1009 (2004); Thomhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Alternatively, respondent may seek dismissal under Rule 12(b)(1) by presenting factual evidence to refute the jurisdictional facts alleged in the complaint. Savage, 343 F.3d at 1039 n. 2. Once respondent has introduced such evidence, petitioner "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id (citing St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

**B.  Analysis**

Generally, a 28 U.S.C. § 2241 petition is the proper method in which to challenge the manner, location, or conditions of a sentence's execution. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 1999). On the other hand, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may contest the legality of his sentence unless it appears that his remedy under § 2255 is inadequate or ineffective to test the legality of his

5 - FINDINGS AND RECOMMENDATIONS

detention (commonly referred to as the "escape hatch"). <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000); <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1178 (2000); <u>Hernandez</u>, 204 F.3d at 864. The Ninth Circuit has held that § 2255 is inadequate or ineffective when a petitioner: (1) makes a claim that he is actually innocent of the crime of conviction; and (2) has not had an "unobstructed procedural shot" at presenting that claim. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059-60 (9th Cir. 2003).

In this case, petitioner asserts that § 2241 is his appropriate remedy because § 2255 is inadequate in the following ways: (1) he has not had an unobstructed procedural opportunity to present his claim that he is actually innocent of the four-level sentencing enhancement; and (2) his confrontation claim did not accrue until the Supreme Court's decision in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), which was issued well after the conclusion of his § 2255 action.

### 1.  **Enhanced Sentence**

Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the "escape hatch" of § 2255 because he must allege that he is "legally innocent of the crime for which he has been convicted," not the sentence imposed. <u>Ivy</u>, 328 F.3d at 1060; <u>see also</u> <u>Lorentsen</u>, 223 F.3d at

6 - FINDINGS AND RECOMMENDATIONS

954 (to establish § 2241 jurisdiction, petitioner must allege that he is "'actually innocent'" of the crime of conviction").

In addition, it is clear from the procedural history of this case that petitioner had ample opportunity to challenge the validity of his sentencing enhancement.  As previously noted, petitioner presented this issue to the Northern District of Texas prior to sentencing and provided affidavits from his co-defendants in support of his position.  The District Court resolved the issue against petitioner, as did the Fifth Circuit Court of Appeals. Moreover, petitioner specifically raised this claim during his § 2255 proceeding.  Because petitioner repeatedly presented this claim for consideration, he cannot show that he never had an unobstructed procedural opportunity to present it.

### 2.   Confrontation Claim

Petitioner also argues that § 2241 is his appropriate remedy because § 2255 is not available to address his confrontation claim arising from the Supreme Court's decision in <u>Crawford</u>. Petitioner's § 2255 motion was denied in the Northern District of Texas on September 20, 2000.  On March 8, 2004, the Supreme Court issued its opinion in <u>Crawford</u>, holding that testimonial evidence against a criminal defendant cannot be introduced where the declarant is unavailable at trial and there was no opportunity for cross-examination at the time the prior testimony was given.  541 U.S. at 68.  On February 22, 2005, the Ninth Circuit held that

7 - FINDINGS AND RECOMMENDATIONS

Crawford is a watershed rule of criminal procedure which applies retroactively. Bockting v. Bayer, 399 F.3d 1010, 1012-13 (9th Cir.), amended and reh'g denied, 408 F.3d 1127 (9th Cir. 2005), cert. granted, 126 S. Ct. 552 (2005).

Successive § 2255 petitions are allowed if they are based on a new rule of constitutional law which the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. § 2255(4)(2). Although the Ninth Circuit has held that Crawford announces a new rule of constitutional law that should be applied retroactively, the Supreme Court has not. Accordingly, petitioner does not qualify to file a successive § 2255 motion, but instead seeks to raise his claim here by means of a § 2241 petition. Petitioner's inability to meet the statutory requirements for filing a successive § 2255 motion does not render § 2255 inadequate or ineffective. See Moore, 185 F.3d at 1055 (§ 2255 is not ineffective or inadequate simply because a petitioner cannot comply with its procedural requirements).

In addition, Crawford "speaks to trial testimony, not sentencing." U.S. v. Littlesun, 444 F,3d 1196, 1199 (9th Cir. 2006). Consequently, petitioner cannot assert that § 2255 is, by itself, an ineffective remedy to address his sentencing claim which is based on Crawford. Accordingly, respondent's Motion to Dismiss should be granted.

///

8 - FINDINGS AND RECOMMENDATIONS

**II.   Award of Costs**

Respondent asks the court to award it "costs and other such relief to which it is justly entitled."  Pursuant to the Equal Access to Justice Act, the court may award costs "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity *in any court having jurisdiction of such action*."  28 U.S.C. § 2412(a)(1) (emphasis added).  Because this court lacks jurisdiction over this matter, respondent's request for costs should be denied.

### RECOMMENDATIONS

For the reasons identified above, respondent's Motion to Dismiss (docket #7) should be granted, and this case should be dismissed for lack of jurisdiction.  In addition, respondent's request for costs should be DENIED on the basis that the court lacks jurisdiction in this case.

### SCHEDULING ORDER

Objections to these Findings and Recommendations, if any, are due January 16, 2007.  If no objections are filed, then the Findings and Recommendations will be referred to a district judge and go under advisement on that date.

///

///

///

9 - FINDINGS AND RECOMMENDATIONS

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will be referred to a district judge and go under advisement.

DATED this <u>21st</u> day of December, 2006.

                         <u>/s/   Janice M. Stewart          </u>
                            Janice M. Stewart
                            United States Magistrate Judge